**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| A.P. Bell Fish Company, Inc., et al., | ) |
|                           Plaintiffs | ) |
| v. | ) |
| Gina Raimondo, in her official capacity as Secretary of the United States Department of Commerce, et al., | ) No. 1:22-cv-01260-TJK |
|                           Defendants | ) |
| State of Louisiana, et al., | ) |
|                           Intervenor-Defendants | ) |

**DECLARATION OF J. TIMOTHY HOBBS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

J. Timothy Hobbs declares under penalty of perjury the following:

1. My name is J. Timothy Hobbs. I am over eighteen years of age and have personal knowledge of the facts stated herein, which are true and correct to the best of my knowledge, information and belief.

2. I am a partner with the law firm of K&L Gates LLP, counsel of record for the plaintiffs/appellants in this case: A.P. Bell Fish Company, Inc. ("A.P. Bell"), Southern Offshore Fishing Association, Inc. ("SOFA"), and the Gulf of Mexico Reef Fish Shareholders' Alliance ("Shareholders' Alliance") (collectively, "Plaintiffs"). I am a member in good standing of the bar of this Court.

3. I am the billing attorney for this case, which means that I am responsible for reviewing all of the time entries billed by attorneys in connection with this litigation and

preparing the monthly invoices for transmittal to the Plaintiffs.  Attached hereto as <u>Exhibit A</u> to this declaration is a detailed itemization of the actual time recorded by each attorney working on this litigation through June 14, 2024, for which the Plaintiffs are seeking reimbursement.  Exhibit A is not a copy of the invoices provided to the Plaintiffs by K&L Gates.  Excluded from Exhibit A are billings for work performed that was not directly related to this litigation or was devoted to administrative tasks.  The task descriptions found in Exhibit A are based on the contemporaneous descriptions prepared by each attorney and contained in the monthly invoices provided to the Plaintiffs by K&L Gates and reflect an accurate depiction of the daily work performed in connection with this litigation.   In some cases I made redactions or minor edits to the narratives to exclude information protected by attorney-client privilege and/or the attorney work product doctrine.  The time devoted to this litigation as reflected in Exhibit A was reasonable and necessary to successfully litigate the Plaintiffs' case.  As the billing attorney for this matter, I regularly excluded from the monthly invoices sent to the Plaintiffs any billings for time that I deemed duplicative or excessive; consequently, the Plaintiffs were not billed for, and Exhibit A does not contain, the time worked that I wrote off as duplicative or excessive.  All of the work performed by K&L Gates in connection with this litigation was on behalf of all the Plaintiffs collectively; none of the work performed in connection with this litigation was for the sole benefit of any one of the Plaintiffs.

     4.     The K&L Gates attorneys who worked on this litigation are listed in the following chart, which includes the total number of hours each worked on this litigation for which the Plaintiffs are seeking reimbursement, and the total value of such work performed calculated at the adjusted statutory EAJA hourly rates of $370.15 for 2022, $381.65 for 2023, and $391.14 for 2024.

| Attorney Name | Hours Billed as Reflected at Exhibit A | Total Value at Adjusted Statutory EAJA Rates<br>2022 – $370.15<br>2023 – $381.65<br>2024 – $391.14 |
|---|---|---|
| Barry Hartman (Partner) | 2022: 4.60 | 2022: $1,702.69 |
| Derek Kalbfleisch (Associate) | 2024: 4.10 | 2024: $1,517.62 |
| J. Timothy Hobbs (Partner) | 2022: 272.20<br>2023: 129.90<br>2024: 21.70 | 2022: $100,754.83<br>2023: $49,576.36<br>2024: $8,487.74 |
| John L. Longstreth (Partner) | 2023: 20.70<br>2024: 0.70 | 2023: $7,900.16<br>2024: $273.80 |
| Layne Marler (Paralegal) | 2022: 6.10 | 2022: $2,257.92 |
| Ruby Nagamine (Associate) | 2022: 4.80 | 2022: $1,776.72 |
| Natalie Reid (Associate) | 2022: 34.70<br>2023: 138.10 | 2022: $12,844.21<br>2023: $52,705.87 |
| Michael F. Scanlon (Partner) | 2022: 21.90<br>2023: 17.90<br>2024: 0.80 | 2022: $8,106.27<br>2023: $6,831.54<br>2024: $312.92 |
| Palmer Smith (Associate) | 2024: 14.40 | 2024: $5,632.42 |
| David Wang (Associate) | 2022: 18.10<br>2023: 3.10 | 2022: $6,699.72<br>2023: $1,183.12 |
| **TOTALS** | **713.80** | **$268,563.91** |

5.  Plaintiffs are also seeking reimbursement of certain costs incurred to litigate this case. First, Plaintiffs incurred $10,000.00 for an expert economist to prepare a report and advise on Plaintiffs' economic arguments against Amendment 53. Specifically, on or about October 29, 2021, on behalf of the Plaintiffs I retained Dr. Daniel Willard, an economist with a PhD in Economics from the University of Washington who has published several academic papers regarding economic aspects of managing Gulf of Mexico marine fisheries. Dr. Willard prepared a report for me and consulted with me during the course of this litigation including through and after the judgment of the D.C. Circuit. Second, Plaintiffs also incurred legal research charges

totaling $1,268.22.  Specifically, Plaintiffs were billed the following amounts for legal research charges on the dates specified: February 9, 2022 ($105.88); March 25, 2022 ($57.39); April 29, 2022 ($128.13); May 25, 2022 ($8.05); July 26, 2022 ($232.43); August 5, 2022 ($88.34); September 16, 2022 ($202.34); May 26, 2023 ($290.09); March 27, 2024 ($155.57).  Finally, Plaintiffs also incurred costs of $402.00 to file their complaint in this case.  All of the foregoing costs were reasonable and necessary to successfully litigate the Plaintiffs' case.   Plaintiffs incurred other costs, including copying and printing costs and travel expenses for counsel to argue this case, but Plaintiffs are not seeking reimbursement for such costs.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on June 27, 2024.   _____
J. Timothy Hobbs